CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2008

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHESTER L. BIRD, | ) | |
| Petitioner, | ) | Civil Action No. 7:08cv00392 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STANLEY K. YOUNG, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Chester L. Bird, Virginia inmate number 383149, a Wyoming inmate currently in custody at Pocahontas State Correctional Center ("Pocahontas") in Pocahontas, Virginia, filed this pro se action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner asserts that his detention in a Virginia Department of Corrections ("VDOC") facility, rather than a facility of the Wyoming Department of Corrections ("WDOC"), violates an "Interstate Corrections Compact," pursuant to which a state contracts to transfer incarcerated inmates to the correctional facilities, private and otherwise, of other states and the federal government, and to which Virginia and Wyoming are parties. See Wyo. Stat. Ann. § 25-1-105(e); Virginia Code §53.1-216. Petitioner requests relief in the form of "his release from . . . unconstitutional confinement." Upon review of the petition, the court finds that it is without merit and must be dismissed.

Petitioner asserts that "[a]t no time has the United States Congress granted its Consent, direct or implied, with respect to any WDOC for profit contract . . . with another State, or political entity thereof, for the confinement of WDOC prisoners outside the State of Wyoming"; he adds that "[a]t no time has the State of Wyoming enacted the Interstate Corrections Compact into its laws." However, as the court has already observed, Virginia and Wyoming are parties, by virtue of state

---

[1] Section 2241 is used to attack the execution of a sentence, and petitioner attacks the execution of his sentence as it affects the fact or duration of his confinement in Virginia.

law, to an Interstate Corrections Compact, and conduct interstate transfers of prisoners as a matter of state law. See Wyo. Stat. Ann. § 25-1-105(e); Virginia Code §53.1-216. Moreover, interstate transfers are constitutional, and inmates have no protected liberty interest against interstate transfers. Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) (no liberty interest, a necessary element of a procedural due process claim, implicated in interstate transfer, and interstate transfer does not impose atypical and significant hardship on the inmate) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976), and Sandin v. Conner, 515 U.S. 472, 484 (1995)); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (affirming denial of § 2241 petition because Wyoming law not violated by interstate exchange of inmate from Wyoming to Texas, and federal law does not prohibit inmate's transfer from one state to private facility in another); Poulos v. McKinna, 210 F.3d 390 (10th Cir. 2000) (affirming denial of § 2241 petition because Wyoming law not violated by interstate exchange of inmate from Wyoming to Colorado, and neither the Due Process Clause nor the Supremacy Clause of the Constitution were implicated by the interstate transfer).

To the extent the petition claims that petitioner's right to equal protection under the law has been violated by his transfer to a VDOC facility because he is unable to avail himself of programs offered to inmates housed in WDOC facilities, the claim must fail. To demonstrate a violation of his equal protection rights, petitioner must show that he has been treated differently from similarly-situated inmates and that the disparity in treatment is not rationally related to a legitimate governmental interest. See McGinnis v. Royster, 410 U.S. 263, 270 (1973). Petitioner's equal protection claim fails because he has not demonstrated that he is similarly situated for equal protection purposes to inmates, including Wyoming inmates, confined at prisons other than Pocahontas. Although petitioner states that "he and other WDOC prisoners confined by VDOC are

2

subject to VDOC disciplinary procedures, unlike other WDOC prisoners elsewhere," the Constitution simply does not require that all inmates convicted in Wyoming be housed under precisely the same conditions regardless of their place of confinement. See Moss v. Clark, 886 F.2d 686, 691 (4th Cir. 1989) (the class to which an inmate belongs consists of the persons confined as he is confined, and subject to the same conditions to which he is subject); Tucker v. Angelone, 954 F. Supp. 134, 136-37 (E.D. Va. 1997) (Mehrige, J.) (citing Moss and finding that, for equal protection purposes, inmates transferred pursuant to Interstate Corrections Compact are "similarly situated" to those inmates in the receiving institution). Moreover, if federal courts were to analyze inmate equal protection claims by conducting inter-prison comparisons, the result would be federal micro-management of prisons in contravention of the Supreme Court's decision in Turner v. Safley, 482 U.S. 78 (1987). See also Klinger v. Department of Corrections, 31 F.3d 727, 732-33 (8th Cir. 1994).

Based on the foregoing, the court finds that petitioner's claims lack sufficient merit to warrant the requested relief.[2] Accordingly, the court will dismiss the petition. An appropriate order will be entered this day.

ENTER: This 22d day of July, 2008.

*[signature]*
United States District Judge

---

[2] The court notes that petitioner, Chester Loyde Bird, has filed 10 actions in the United States District Court for the District of Wyoming. Five of those actions were filed as petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, four were filed pursuant to 42 U.S.C. § 1983, and one apparently sought a declaratory judgment regarding the constitutionality of a state statue pursuant to 28 U.S.C. § 2201. Petitioner was successful in none of those actions.

3